# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JASON LAMAR WILSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 6:21-cv-00541-AMM-JHE |
| WARDEN JAMES HEADLEY, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Jason Lamar Wilson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On January 31, 2022, the magistrate judge entered a report recommending the court deny Wilson's petition as untimely and dismiss his claims with prejudice.[1] Doc. 12. On February 11, 2022, Mr. Wilson filed objections. Doc. 13.

First, Mr. Wilson reasserts his claim that he is entitled to equitable tolling because he was stabbed by another inmate and hospitalized. *Id.* at 1–2, 4. Mr. Wilson contends that during his hospitalization, he was "physically and mentally incapacitated" and could not prosecute his claims. *Id.* at 4.

---

[1] Although the magistrate judge referenced the case action summary from Mr. Wilson's state court proceedings in the report and recommendation, the summary was inadvertently omitted as an exhibit to the report and recommendation. Doc. 12 at 2 n.1. Therefore, the summary is attached to this Memorandum Opinion as an exhibit. The summary has no bearing on the timeliness of Mr. Wilson's federal habeas petition.

Mr. Wilson alleges in his petition and traverse that an inmate stabbed him on December 24, 2020, and he was hospitalized until December 31, 2020. Doc. 1 at 13–14; Doc. 11 at 1. Because the assault against Mr. Wilson and his subsequent hospitalization occurred after the statute of limitations expired in July 2020, the magistrate judge concluded these events could not serve as extraordinary circumstances which prevented Mr. Wilson from filing a timely federal habeas petition. Doc. 12 at 7–8. The court agrees. Accordingly, Mr. Wilson's objection on this ground is **OVERRULED**.

Next, Mr. Wilson asserts he is actually innocent of obstructing justice using a false identity and his innocence serves as a gateway to overcome the expiration of the statute of limitations. Doc. 13 at 2. While actual innocence may serve to overcome the statute of limitations, Mr. Wilson must show that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *Bousley v. United States*. 523 U.S. 614, 623 (1998) (applying the *Schlup* standard in the guilty plea context); *Justo v. Culliver*, 317 F. App'x 878, 879–81 (11th Cir. 2008) (citing *Bousley* and applying the *Schlup* actual innocence standard in a case involving a time-barred federal habeas petition brought

by petition who had pled guilty). Mr. Wilson offers no new evidence to support his clam of actual innocence. Thus, his objection on this ground is also **OVERRULED**.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Mr. Wilson's petition for a writ of habeas corpus is due to be denied and the claims are due to be dismissed with prejudice.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). The court finds Mr. Wilson's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

---

[2] Because Mr. Wilson's petition is untimely, the court does not address Mr. Wilson's arguments concerning the merits of his claims. Doc. 13 at 3–4.

**DONE** and **ORDERED** this 23rd day of February, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE